# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUYAN INVESTMENT HOLDINGS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>SOTTERA, INC., *et al.*,<br><br>Defendants. | Case CV 12-5454-ODW (FFMx) and related consolidated case: CV 12-5477<br><br>ASSIGNED TO:<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Fontem Holdings 1 B.V. ("Fontem Holdings") and Fontem Ventures B.V. ("Fontem Ventures") (collectively, the "Fontem entities"), and Defendant, Nicotek LLC (collectively, the "Parties"), having considered the facts and applicable law, and having agreed to the entry of this Stipulated Consent Judgment and Permanent Injunction, it is found, adjudged, and decreed as follows:

**FINDINGS OF FACTS**

1. On June 22, 2012, the original plaintiff, Ruyan Investment Holdings Limited ("Ruyan"), filed this action, alleging that Defendant Nicotek LLC (k/n/a D&T Holdings III, LLC) (collectively, "Nicotek") makes, uses, imports, offers to sell, and sells electronic cigarettes products that infringe U.S. Patent No. 8,156,944, and seeking a permanent injunction. *See* [Dkt. 1, CV 12-05477]. The accused products identified in the complaint are: "(1) the METRO Rechargeable Cigarette, alone and as found in the METRO Electronic Cigarette Platinum Kits and the METRO Electronic Cigarette Standard Starter Kits; and (2) the METRO Disposable Electronic Cigarette," (collectively, "Accused Products"). [*Id.*, ¶ 9.]

2. On August 17, 2012, Nicotek answered the complaint and filed declaratory judgment counterclaims for non-infringement and invalidity. *See* [Dkt. 12, CV 12-5477].

3. On December 19, 2012, the Court consolidated this action for discovery purposes with other cases filed by Ruyan asserting infringement of the '944 patent. *See* [Dkt 17, CV 12-5477].

4. After December 19, 2012, all case filings and Court orders were entered on the docket in the lead matter: *Ruyan Investment Holdings Limited v. Sottera, Inc.*, Case No. 12-cv-05454-GAF-FFM (C.D. Cal.).

5. On February 25, 2013, the Court administratively stayed this action pending reexamination of the '944 patent by the United States Patent and Trademark Office ("PTO"). *See* [Dkt. 46]. During the pendency of the stay:

(i) Ruyan assigned all right, title, and interest in and to the '944 patent to Fontem Holdings (including all causes of action and enforcement rights and the right to be substituted into this action). See [Dkt. 63], [63-1, Exs. A and D];

(ii) Fontem Holdings granted to Fontem Ventures an exclusive license to the '944 patent, including the right to sue for past, present and future infringement; and

(iii) Nicotek sold all its assets, stopped selling the Accused Products, and stopped conducting business in the electronic cigarette industry.

6. The Patent Trial and Appeals Board ("PTAB") stayed the '944 patent reexamination, *sua sponte*, in lieu of a separate *inter partes* review ("IPR") instituted against the '944 Patent.

7. Upon conclusion of the IPR, the PTAB determined that certain claims of the '944 Patent were unpatentable. *See* [Dkt. 78].

8. On January 23, 2019, the PTO concluded the reexamination of the '944 patent, confirming the patentability of other claims.

9. The Fontem entities are the real parties in interest based on the assignment from Ruyan, and they have reached an agreement with Nicotek to resolve the disputed issues with respect to the remaining claims following reexamination.[1]

10. The Fontem entities and Nicotek, therefore, desire to terminate this litigation through this Stipulated Consent Judgment and Permanent Injunction.

## STIPULATIONS

9. Nicotek stipulates that, following IPR and reexamination, the Accused Products infringe the '944 patent and that the claims of '944 patent are valid and enforceable to the extent found valid and enforceable by the PTO.

---

[1] The Fontem entities simultaneously filed a Motion to Substitute Under Federal Rule of Civil Procedure 25(c).

10. Nicotek agrees not to initiate or participate in any action or proceeding to challenge the validity, patentability or enforceability of the '944 patent, including, but not limited to, any reexamination, interference or derivation proceeding, *inter partes* review, post-grant review, opposition, declaratory judgment action or invalidation proceeding.

11. Nicotek stipulates to entry of a permanent injunction covering the Accused Products and/or electronic cigarette products that are essentially the same as the Accused Products, as described below.

12. The Fontem entities agree that Nicotek is not liable for payment of any damages of any kind relating to this action and/or infringement of the '944 Patent by the Accused Products prior to the date of this order.

## ORDER

**IT IS FOUND, ORDERED, ADJUDGED, AND DECREED THAT**:

13. Judgment is hereby entered in favor of the Fontem entities, and against Nicotek, finding infringement by Nicotek of the '944 patent.

14. Judgment is hereby entered in favor of the Fontem entities, and against Nicotek, dismissing Nicotek's counterclaims for non-infringement and invalidity with prejudice.

15. Each Party shall bear its costs and attorneys' fees relating to this action, and neither Party shall be liable to the other for any damages of any kind in relation to this action prior to the date of this order.

16. This Stipulated Consent Judgment and Permanent Injunction is a final adjudication on the merits. It shall finally conclude and dispose of this litigation as to the Fontem entities and Nicotek. This Stipulated Consent Judgment and Permanent Injunction shall be entitled to issue and claim preclusion effect against the Fontem entities and Nicotek and their successors and assigns in any future litigation related to the '944 patent.

17. Nicotek and its owners, agents, assigns and successors, and all persons in active concert or participation with Nicotek, shall be and are hereby permanently enjoined and restrained from making, having made, using, importing, offering for sale, or selling the Accused Products and/or electronic cigarette products that are essentially the same as the Accused Products.

18. The terms of this Stipulated Consent Decree and Final Judgement shall apply until the later of (1) the expiration of the '944 patent, or (2) the date on which every claim of the '944 patent is declared invalid and/or unenforceable by a decision of a court or other government agency of competent jurisdiction from which no appeal can or has been taken.

19. This Court retains jurisdiction over this Stipulated Consent Judgment and Permanent Injunction and any applications to enforce this Stipulated Consent Judgment and Permanent Injunction shall be directed to this Court.

20. If Nicotek violates any terms of this Stipulated Consent Judgment and Permanent Injunction and fails to cure such violation within thirty (30) days after receipt of notice of the violation, Nicotek shall be liable for and pay the reasonable attorneys' fees incurred in connection with any successful application to this Court for enforcement of this Stipulated Consent Judgment and Permanent Injunction.

DATED: January 8, 2020

_____
The Honorable
United States District Court
Central District of California